IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


VALERIE JEANNE BENSON,        )
                                        )
        Plaintiff,           )
                                        )
        v.                 )   Civil Action No. 17-210-E
                                        )
NANCY A. BERRYHILL, ACTING    )
COMMISSIONER OF SOCIAL SECURITY   )
                                        )
        Defendant.     )


O R D E R


AND NOW, this 24th day of September, 2018, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  See 42 U.S.C.§ 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     Plaintiff argues that the Administrative Law Judge ("ALJ") erred by failing to evaluate properly certain medical evidence of record in making Plaintiff's residual functional capacity

("RFC") assessment. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

A claimant's RFC is the most that he or she can do despite his or her limitations. See 20 C.F.R. § 416.945(a). The determination of a claimant's RFC is solely within the province of the ALJ. See 20 C.F.R. § 416.927(d)(2). In formulating a claimant's RFC, the ALJ must weigh the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or her own limitations. See 20 C.F.R. §§ 416.927, 416.929, 416.945. In this case, after reviewing all the relevant evidence, the ALJ determined that, due to Plaintiff's various impairments, she was capable of performing work at a medium exertional level, with several specific additional limitations. (R. 591). In reaching his conclusions here regarding Plaintiff's RFC, the ALJ reviewed and engaged in extensive discussion of the evidence of record, including the medical evidence, the opinion evidence, and Plaintiff's testimony. (R. 587-98).

Plaintiff claims, however, that in formulating the RFC, the ALJ failed to evaluate properly certain medical evidence of record, specifically, a consultative examination of Plaintiff performed by Ranko Barac, D.O. (R. 292-305). In that examination, Dr. Barac reviewed Plaintiff's medical history and conducted a physical examination. (R. 292-99). He also filled out a medical source statement of Plaintiff's ability to perform work-related physical activities. (R. 300-05). Although he did not complete such a statement specifically addressing Plaintiff's mental abilities and limitations, Dr. Barac did note that Plaintiff "seems to be suffering with significant anxiety and generalized fear of public places and being around people, which seems to be limiting her abilities to leave home and engage in public activities." (R. 298).

Further, and particularly relevant to Plaintiff's claim here, the ALJ commented that he felt that Plaintiff "would benefit from cognitive therapy and counseling in addition to medication therapy with a goal of getting over her fear of public places and being around people." (R. 298). The Court notes that this case was previously remanded because, among other things, the district court found that the ALJ who previously handled the case had not explained how his RFC aligned with Dr. Barac's opinion, which he accorded great weight in his analysis. (R. 679-80). In providing his reasons for remanding the case, the district judge included this particular comment by Dr. Barac as being representative of something that the ALJ should have explained in conjunction with his formulation of Plaintiff's RFC prohibiting "interaction with the public," "crowds" and "teamwork." (R. 680).

In the decision currently at issue, the ALJ who considered the case upon remand also gave the opinion of Dr. Barac—as well as the opinions of the state agency medical and psychological consultants—great weight because he found them to be well supported and consistent with the evidence of record, evidence which this time around was fully discussed in the analysis. (R. 597). In accordance with Dr. Barac's opinion, in the decision at issue here, the ALJ's RFC specifically stated that Plaintiff could, among other limitations, "have no more than occasional interaction with co-workers and no interaction with members of the general public." (R. 591). The Court finds that this RFC is consistent with Dr. Barac's comment that Plaintiff has

a fear of public places and being around people, and thus did not require further explanation by the ALJ to clear up any inconsistencies. Plaintiff, however, appears to argue—without providing any support—that, because the ALJ stated that he gave great weight to Dr. Barac's opinion overall, in order to be consistent his RFC, the ALJ should have completely limited Plaintiff from venturing out into public or having any contact with other people. The Court, however, cannot find where Dr. Barac specifically opined as to any such extreme restrictions in his evaluation of Plaintiff. Rather, Dr. Barac stated that Plaintiff appeared to have significant anxiety and fear of public places and being around people, and the ALJ appropriately included significant limitations in Plaintiff's RFC which clearly addressed such impairments. (R. 298, 591). Thus, the Court concludes that the ALJ did not, as Plaintiff argues, give great weight to Dr. Barac's opinion while outright rejecting parts of that opinion without explanation.

In fact, the only portion of Dr. Barac's opinion to which the ALJ claimed to give little weight was his suggestion that Plaintiff consider cognitive therapy to help with her alleged symptoms, and the Court notes that the ALJ provided a lengthy explanation for this choice. (R. 597). Most importantly, the ALJ explained, among the various reasons he provided for giving little weight to this suggestion, that he did not understand that comment "to constitute a medical opinion so much as a helpful suggestion." (R. 597). As discussed, supra, the Court finds that the ALJ adequately addressed the mental issues discussed by Dr. Barac, but the Court further notes that there seems to be come confusion here as to what is or is not a "medical opinion."

"Medical opinions" are defined by the Social Security regulations as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 CFR § 416.927(a)(1). Here, Dr. Barac performed a physical examination and reviewed Plaintiff's medical history, and he presented the results in his evaluation. Although he attached a form detailing Plaintiff's ability to perform work-related physical activities, Dr. Barac did not specifically assess Plaintiff's RFC by opining as to what she could do despite her mental impairments, nor did he assign her specific work-related restrictions because of her mental impairments. Nevertheless, Dr. Barac explained in his evaluation that Plaintiff had certain difficulties in dealing with the public and with other people, the ALJ stated that he gave Dr. Barac's opinion great weight overall, and, in accordance with Dr. Barac's findings, the ALJ appropriately included significant limitations as to interaction with the public and coworkers in his RFC.

Moreover, even if the Court were to consider Dr. Barac's comment suggesting cognitive therapy to address Plaintiff's fear of public places and being around people as a medical opinion addressing Plaintiff's mental RFC—rather than as a suggestion or presentation of objective medical findings—the Court notes that Plaintiff fails to explain which specific functional limitations in Dr. Barac's evaluation should have been properly discussed and included in Plaintiff's RFC, but were not. As discussed, supra, Plaintiff generally states in her brief that the ALJ should have evaluated Dr. Barac's opinion differently, and that including restrictions based upon Dr. Barac's opinion would have increased restrictions in Plaintiff's RFC, but she does not point to any specific work-related functional restrictions, based on Plaintiff's mental

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary

Judgment (Doc. No. 11) is DENIED and Defendant's Motion for Summary Judgment (Doc. No.

13) is GRANTED.

s/ Alan N. Bloch
United States District Judge

ecf:        Counsel of record

---

impairments, that were contained in the evaluation that the ALJ failed to consider. Because Plaintiff does not point to specific work-related limitations from Dr. Barac's evaluation that the ALJ should have included in Plaintiff's RFC but did not, and because any such missing functional limitations are not otherwise apparent to the Court, the Court finds that Plaintiff's claim lack merit.

As a related argument, Plaintiff asserts that the ALJ disregarded and mischaracterized evidence of record regarding Plaintiff's ability to leave the house and interact with others. First, the Court notes that an ALJ is not required to make reference to every piece of evidence in the record, as long as the Court can discern the basis for the ALJ's decision. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001). Moreover, other than stating that the ALJ did not address certain evidence in his decision, Plaintiff fails to explain how the ALJ otherwise mischaracterized the evidence of record. In any event, the Court finds that the ALJ sufficiently discussed and addressed the relevant medical records and medical opinions in this case, including evidence concerning Plaintiff's ability to leave the house and interact with others. Furthermore, as discussed at length, supra, the ALJ credited Plaintiff's claims that she had trouble dealing with public areas and with other people, and appropriately included significant restrictions in those areas in her RFC. Therefore, the Court finds that Plaintiff's claim that the ALJ disregarded and mischaracterized relevant evidence of record lacks merit. As to any additional arguments mentioned summarily by Plaintiff in her brief, the Court finds that she has failed to establish how the ALJ's alleged failure to consider properly any additional evidence of record constitutes error.

Thus, the Court does not agree with Plaintiff's assertion that the ALJ erred in his consideration of the medical evidence in making his RFC assessment. Accordingly, the Court affirms.